## Matthew Henderson *against* Matthew Clarkson.

S. C. 2 Dall. 175.

Agent of seamen to receive their prize money, may sue in his own name, and where the action cannot possibly draw into controversy the question of "prize or no prize," it may be brought in a court of common law.

CASE. The declaration contained two counts: one for

[Henderson *v.* Clarkson.]

1000l. had and received to the plaintiff's use; the other for 1000l. lent.

The case upon the evidence appeared to be this. The plaintiff was appointed agent for forty-three seamen on board the privateer brig Holkar, Roger Kean commander, to receive *[149] their *prize money. The defendant was marshal of the court of admiralty of Pennsylvania, where two of the prizes were libelled, condemned and sold. Plaintiff, on the 27th December 1781, gave a bond to the commonwealth in 2500l. penalty, conditioned to account faithfully with the seamen, and pay over the shares unclaimed within one year to the use of the corporation of contributors to the Pennsylvania Hospital. The judge of the admiralty on that day also issued a writ of delivery to the defendant as marshal, to deliver over the goods and money due to the owners and seamen, or their agents on the different prizes; to which he made return, that the goods and money were ready to be delivered over. This suit was brought to recover the prize money due to the plaintiff's constituents: the marshal had paid a considerable part, and rendered his account, but some of the items therein were disputed.

It was objected by Messrs. Lewis and Sergeant *pro def.* that this suit was not properly instituted. There is no count for money paid to the defendant's use; and in that view only, can the plaintiff support his action in his own name, as having paid his constituents their prize money. If they have not received it, actions should have been brought in their separate names, (2 Stra. 781. though they might sue jointly in the admiralty) as their appointing him their agent did not vest him with the title to the money, so as to recover in his own right. This suit is not of common law jurisdiction, but belongs to the admiralty as a prize court. There is a peculiar propriety in calling an officer to an account in his own court, as being best acquainted with its own fees and usages. This suit is brought with the express design of carrying into execution the decree of the court of admiralty, which it cannot effect according to the general reasoning and spirit of the case of Doane's admin. *v.* Penhallow et al. Dall. 218. Vide also Ib. 95. Courts of common law have jurisdiction where the money comes into the hands of an agent, in consequence of a power given on land: *aliter* where it remains in the hands of the proper officer of the court, for there it is in the custody of the law. The question of prize or no prize, and all its consequences, belong solely to the court of admiralty. Dall. 218. Doug. 572. Admiralty has the exclusive jurisdiction in cases of prize and their consequences. 3 Term Rep. 323, 344.

It was answered by Messrs. Moses Levy and Coxe *pro quer.* that the defendant had but little ground of complaint for be-

[Henderson *v.* Clarkson.]

ing prosecuted in one action, instead of forty-three different ones. The plaintiff here was an agent of a peculiar kind created by *law. The act of assembly of 8th March [*150 1780, § 13, declared that the agents of the owners and seamen had a right to take the prize from the marshal and sell the property by private sale for the best advantage of the persons interested; though by the supplement passed on the 22d September 1780, § 10, the marshal is directed to sell the same, and distribute the net proceeds as by the said act is directed, within twenty days after the sale is completed, under the penalty of 20 per cent. for the sum neglected to be paid, to be recovered in an action brought for the same. When the defendant did not deliver the property according to the writ, the plaintiff had a right to prosecute him at law; he might wave the penalty and proceed for the sum really due, as much as a consignee might on the sale of goods for his principal. Agents having an interest by statute, the agency is good to the survivor; and when they have such interest, they may sue at law. The rights accruing by statute are subjects of jurisdiction in the common law courts. Hen. Blackst. 476, 514, 515, 522, 523. Vendee of a prize share may maintain a suit at common law, against the agent of a ship. 1 Wils. 210. Common law courts have conuzance of certain matters, though in some degree the result of a prize cause. Dall. 95, 103. It is a matter of national policy to constitute prize courts, to preserve peace with foreign powers; but the question of prize or no prize, cannot possibly be controverted here. Defendant has sold under the decree of the admiralty, and under that very decree, the plaintiff claims. The present objection is in nature of a plea to the jurisdiction of this court, and in pleas to the jurisdiction, another court of competent jurisdiction must be shewn. Cowp. 172. The admiralty court of Pennsylvania no longer exists, nor could its decree be carried into effect by the court of admiralty erected under the present government.

*Per Curiam.* Two objections are made against the plaintiff's recovery. 1st, That the plaintiff is a mere agent, and sues in his own name. 2d. That the jurisdiction of this cause belongs to the court maritime.

As to the first point. When it became necessary to take up arms against Great Britain, congress was considered as the sovereign power of the then united colonies. They resolved that letters of marque and reprisal should issue, and surrendered up their right to the prizes, and ordered the money arising therefrom to be distributed in such manner, as should be agreed between the adventurers. The captors therefore became legally entitled to the prizes taken, but maritime courts were erected to decide the question of prize or no prize. The act *of assembly of 8th March 1780, [*151 directs the appointment of an agent by the judge for

[Henderson *v.* Clarkson.]

the owners and seamen, (who have not appointed one themselves) he giving security as the act directs; and the agent is impowered to take the prize from the marshal and sell it by private sale.   The act of 22d September 1780, alters this provision, and directs the marshal to sell and make distribution of the net proceeds as in and by the first act is prescribed, under the penalty of 20 per cent.   Both these acts must be construed together as one law; and it is evident that if the captors or any of them do not claim their shares in the period of twelve months, such unclaimed shares go over to the Pennsylvania Hospital, subject to being reclaimed within three years.   The agent therefore by law must be considered as a common head or centre for the captors and hospital, and may sue in his own name under the interest acquired by those acts, as the captors themselves might have done.

As to the second point.   This action cannot draw into controversy the question of prize or no prize, nor can it possibly come into review, the plaintiff claiming under the decree of the court of admiralty.   The marshal returns to the judge, that he has the goods and money ready to be delivered to the captors or their agents.   Does not this amount to a written promise to pay the plaintiff as agent of the seamen?   And what can there be incidental to it, as a prize case, which can involve the decision, whether prize or no prize?   Surely nothing.

The points of law having been thus resolved by the court, it was agreed by the counsel on both sides, that the marshal's account should be decided upon by the jurors as referees, and next morning a verdict was given for the plaintiff for 54l. 4s. 6d. damages, and six pence costs.